IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| OLIVER W. EDWARDS, | : | PRISONER HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | |
| | : | |
| DARLENE DREW, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:14-CV-0352-WSD-JFK |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Petitioner, Oliver W. Edwards, confined in the United States Penitentiary in Atlanta, Georgia, pursuant to 28 U.S.C. § 2241, challenges his armed-career-criminal enhancement in United States v. Edwards, 1:05-cr-0097-WSD-1 (N.D. Ga. Apr. 14, 2008) (hereinafter Edwards, District Court – "Edwards, D."). Petitioner has paid the filing fee, and the matter is before the Court for consideration of the petition, (Doc. 1), pursuant to Rule 4 of the Rules Governing Section 2254 Cases ("Rule 4"), as applied to § 2241 petitions. See Rules Governing Section 2254 Cases, Rule 1(b).

Under Rule 4, federal district courts must examine habeas petitions prior to any pleading by the respondent and "dismiss summarily any habeas petition that appears legally insufficient on its face[.]" Borden v. Allen, 646 F.3d 785, 810 (11th Cir. 2011)

(quoting McFarland v. Scott, 512 U.S. 849, 856 (1994)) (internal quotation marks omitted), cert. denied, _U.S. _, 132 S. Ct. 1910 (2012).

I.  **Discussion**

In 2007, Petitioner was found guilty in this Court of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e), based on three prior convictions for a violent felony or serious drug offense, which included his 1996 Wilcox County conviction for obstruction of officers, case number 96-CRW007. Second Superseding Indictment at 1 and Jury Verdict, Edwards, D., ECF Nos. 62, 124. Prior to sentencing, Petitioner argued that his Wilcox County conviction was based on an uncounseled plea and should not be used to classify him as an armed career criminal. Sentencing Mem., Edwards, D., ECF No. 131. The Court found that Petitioner in his Wilcox County case had knowingly waived his "right to counsel after being advised of his right to a court-appointed lawyer[,]" overruled Petitioner's objection to using the Wilcox County case to support an armed career criminal enhancement, and determined that Petitioner qualified as an armed career criminal. See United States v. Edwards, 307 F. App'x 340, 343-44 (11th Cir. 2009). The Court sentenced Petitioner to 220 months for his firearm conviction. Am. J. and Commitment at 2, Edwards, D., ECF No. 147.

2

Petitioner appealed, and the Eleventh Circuit Court of Appeals affirmed the District Court --

> Here, [Petitioner] has not shown his 1996 conviction was obtained in violation of his right to counsel. In fact, the transcript of the 1996 proceedings shows just the opposite. The transcript shows that the state court advised [Petitioner] of the charges against him and that he was entitled to have a lawyer appointed by the court to represent him for free. [Petitioner] stated that he wanted to plead without having a lawyer represent him. Additionally, [Petitioner] had experience with the legal system prior to his 1996 proceeding. . . . [Petitioner] had been in state court and represented by counsel on four separate occasions before 1996. [Petitioner] has not asserted that he did not understand his right to counsel. Based on the reasons above, we agree with the district court's determination that [Petitioner] failed to establish that his waiver of counsel was not knowing and voluntary.

Edwards, 307 F. App'x at 346. In 2010, Petitioner filed a 28 U.S.C.§ 2255 motion in which he contended, among other things, that counsel was ineffective for failing to challenge properly his prior uncounseled conviction (apparently referring to his Wilcox County conviction) that was used to enhance his federal sentence. Mot. to Vacate at 10-B, Edwards, D., ECF No. 169. The Court rejected this claim and discussed the fact that Petitioner had waived his right to counsel at his Wilcox County plea hearing. Order at 25-27, Edwards, D., ECF No. 173.

Petitioner now asserts that § 2255 is ineffective to challenge his conviction, that he is actually innocent of being an armed career criminal because an uncounseled

3

felony cannot serve as a qualifying conviction, that he was sentenced over the statutory maximum term of ten years for a firearm conviction under § 924(a)(2), and that Bryant v. Warden, 738 F.3d 1253 (11th Cir. 2013), allows him to raise his claim in these § 2241 proceedings. (Doc. 1 at 6-7).[1]

Generally, a final federal conviction may be challenged only via a § 2255 motion. Bryant, 738 F.3d at 1256. "However, the savings clause in § 2255(e) permits the prisoner to file a § 2241 habeas petition when a § 2255 motion was 'inadequate or ineffective to test the legality of his detention.'" Id. (citing § 2255(e)). "[W]hether the savings clause in § 2255(e) may open the portal to a § 2241 petition is a threshold jurisdictional issue that must be decided before delving into the merits of the petitioner's claim and the applicable defenses." Bryant, 738 F.3d at 1262 (internal quotation marks and citation omitted). It is the petitioner who bears the burden of showing that the savings clause applies. Id.

---

[1] Petitioner also has pending a 28 U.S.C. § 2254 petition in which he challenges the constitutionality of another conviction – his 1994 Fulton County controlled-substance conviction – that also was used to find that he qualified as an armed career criminal. Edwards v. Drew, No. 1:13-cv-2541 (N.D. Ga. filed Aug. 2, 2013). The undersigned has recommended that the § 2254 petition be dismissed for lack of jurisdiction as the Petitioner is no longer in custody under his 1994 Fulton County conviction. Report and Recommendation, Edwards, No. 13-cv-2541, ECF No. 11.

> [A petitioner] must establish that (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent had specifically addressed . . . and had squarely foreclosed [the petitioner's] § 924(e) claim that he was erroneously sentenced above the 10-year statutory maximum penalty in § 924(a); (2) subsequent to his first § 2255 proceeding, the Supreme Court[] . . . overturned our Circuit precedent that had squarely foreclosed [the petitioner's] § 924(e) claim; (3) the new rule . . . applies retroactively on collateral review; (4) as a result of [the] new rule being retroactive, [the petitioner's] current sentence exceeds the 10-year statutory maximum authorized by Congress in § 924(a); and (5) the savings clause in § 2255(e) reaches his . . . claim of illegal detention above the statutory maximum penalty in § 924(a).

Bryant, 738 F.3d at 1274.

Under § 924(a)(2), a person convicted for violating § 922(g) shall be "imprisoned not more than 10 years[.]" Under the Armed Career Criminal Act, a person convicted for violating § 922(g) who "has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both . . . shall be . . . imprisoned not less than fifteen years," 18 U.S.C. § 924(e)(1), and is subject under § 924(e)(1) to the statutory maximum of life in prison, Bryant, 738 F.3d at 1257.

Here, Petitioner shows that he received a 220-month term of imprisonment for his firearm conviction, which is well over the ten-year maximum absent three qualifying convictions under § 924(e). Petitioner, however, otherwise fails to demonstrate that the savings clause applies. Petitioner does not show that his non-counseled-conviction claim was squarely foreclosed by binding Circuit precedent

5

throughout his sentencing, direct appeal, and first § 2255 proceeding and, therefore, cannot show that the Supreme Court overturned precedent that did not exist or established a new rule that applies retroactively on collateral review.  At the time Petitioner was sentenced, his claim regarding his Wilcox County conviction was hardly foreclosed.  Circuit precedent in fact did not allow the use of a "presumptively void" conviction to enhance a federal sentence.  United States v. Jackson, 57 F.3d 1012, 1018-19 (11th Cir. 1995) ("[T]he kinds of cases that can be included in the presumptively void category are small in number and are perhaps limited to uncounseled convictions. . . . However, convictions obtained after a defendant knowingly, intelligently, and voluntarily waived his right to counsel are not presumptively void." (internal quotation marks and citation omitted)).  Petitioner was free, at sentencing and thereafter, to raise his claim that his Wilcox County conviction should not be used to enhance his federal sentence, and, in fact, he did.  The savings clause does not apply, and this action must be dismissed.

    The undersigned does not address a certificate of appealability because Petitioner is a federal prisoner proceeding under § 2241, and he is not required to seek a certificate of appealability before filing an appeal.  See Bryant, 728 F.3d at 1261 n.5.

6

**II.     Conclusion**

**IT IS RECOMMENDED** that this action be **DISMISSED** for lack of jurisdiction.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED** this 19th day of February, 2014.

*[Signature]*

JANET F. KING
UNITED STATES MAGISTRATE JUDGE