IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

OLIVER W. EDWARDS,

        Plaintiff,

v.                                                              1:14-cv-00352-WSD

DARLENE DREW,

        Defendant.

## OPINION AND ORDER

This matter is before the Court on Petitioner Oliver W. Edwards's ("Petitioner") Motion for Reconsideration and to Withdraw Motion for Dismissal [6].

On February 7, 2014, Petitioner filed a petition for writ of habeas corpus challenging his armed career-criminal enhancement. On March 2, 2014, Petitioner moved to voluntarily dismiss the action, arguing that while he acknowledged that the R&R was correct, he is entitled to relief on a different claim under different legal theories, which were not presented in his petition. On July 11, 2014, the Court entered an Order that construed Defendant's Motion as a Notice of Voluntary Dismissal, and, as requested by Petitioner, dismissed this action without prejudice. On July 22, 2014, Defendant filed a Motion for Reconsideration and to

Withdraw Motion for Dismissal, in which he asserts that his conviction should be set aside because he did not knowingly and voluntarily waive his right to counsel, an argument not addressed in Petitioner's original petition for habeas corpus relief.

A voluntary dismissal without prejudice is a final proceeding under Rule 60(b) of the Federal Rules of Civil Procedure.  See Yesh Music v. Lakewood Church, 727 F.3d 356, 362-63 (5th Cir. 2013) (concluding that "in light of the extensive circuit cases discussed above, we are satisfied that a Rule 41(a)(1)(A) voluntary dismissal without prejudice qualifies as a 'final proceeding'" subject to vacatur under Rule 60(b)); Nelson v. Napolitano, 657 F.3d 586, 589 (7th Cir. 2011) (agreeing that "there may be instances where a district court may grant relief under Rule 60(b) to a plaintiff who voluntarily dismissed the action."); Smith v. Phillips, 881 F.2d 902, 904 (10th Cir. 1989) (holding that "'[a]n unconditional dismissal terminates federal jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by 60(b).'") (internal quotation marks and citations omitted).

A request to rescind the voluntary dismissal of a habeas petition is subject to the requirements of Rule 60(b) of the Federal Rules of Civil Procedure.  See Wilcher v. Epps, 203 F. App'x 559, 564 (5th Cir. 2006) (affirming the district court's decision to deny motion to reconsider a voluntary dismissal because

2

petitioner did not meet Rule 60(b)'s requirements); <u>Saunders v. Yates</u>, No. 1:06-CV-00750 AWI, 2007 WL 1430099, at *1 (E.D. Cal. May 14, 2007).

Rule 60(b) provides limited circumstances under which a Court can relieve a party from a final judgment or order.  Fed. R. Civ. P. 60(b).  These include: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time . . . ; (3) fraud . . . misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged . . . reversed or vacated; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b); <u>Rease v. Harvey</u>, 376 F. App'x 920, 921 (11th Cir. 2010).

Petitioner does not contend that the voluntary dismissal of his habeas petition should be set aside due to mistake, excusable neglect, fraud or newly discovered evidence.  Petitioner also does not contend that the Court's Order is void, and does not explain why relief is otherwise justified under Rule 60(b)(6). The Court concludes that there is no basis to consider that the relief requested by Petitioner previously was warranted on any of the grounds set out in Rule 60(b), and the Motion for Reconsideration is thus required to be denied.  Petitioner may, however, file appropriate pleadings seeking to assert his new allegation because the dismissal entered by the Court on July 11, 2014, was without prejudice.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration and to Withdraw Motion for Dismissal is **DENIED** [6].

**SO ORDERED** this 23rd day of January, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE